IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:22-cr-40001-SOH-7 |
| | ) | |
| GINA M. RICHARDSON | ) | |

## MOTION TO SEVER COUNTS AND DEFENDANTS

Defendant moves to sever counts and defendants. Joinder of Counts 2–5 with Count 1 is prejudicial to her (and thus the other six similarly situated).

F.R.Crim.P. 8(a):

(a) JOINDER OF OFFENSES. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) JOINDER OF DEFENDANTS. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

F.R.Crim.P. 14(a):

(a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

For all these counts to be joined in the superseding indictment, Rule 8(a) requires the offenses must be "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 14 requires there be no prejudice to the joined defendants. However, counts 2–5 are completely disparate from Count 1 and does not satisfy either Rule 8(a) or 14. Defendant (and the six others similarly situated to her) will

1

be prejudiced being required to go through a trial with all this coming in against the lead codefendant and the added four defendants.

### Original Indictment (Doc. 1), A Drug Case

All defendants were charged in the original indictment in a single count with a drug offense to allegedly "conspire with each other and others known and unknown to the grand jury to knowingly and intentionally possess with intent to distribute and to distribute Schedule II controlled substances, hydrocodone and oxycodone, and other ... controlled substances, without an effective prescription" in violation of 18 U.S.C. § 846.[1]  Doc. 1 (filed March 2, 2022).  Purely a drug case involving professional persons allegedly deviating from their jobs.

### Superseding Indictment (Doc. 79), A Fraud Case

The superseding indictment, Doc. 79 (filed April 20, 2022), however, adds a health care and then a PPP loan fraud case against only the lead defendant of the original group and then adds five other defendants:

- Count 2 for conspiracy to commit health care fraud, 18 U.S.C. §§ 1347 & 1349, against original defendant Tawnya Lee Lansdell and adding Rusty Lynn Griffin and Michael Wallace Martin, alse referring to Landsell Family Clinic and referring to CARES act fraud.

- Count 3 for conspiracy to commit wire fraud, 18 U.S.C. §§ 1343 & 1349 for a Paycheck Protection Plan fraud against the Small Business Administration by original defendant Tawnya Lee Lansdell and adding Michael Wayne Lansdell, Lansdell Family Clinic, PLLC, and Lansdell Farms, LLC.

- Counts 4–5 for wire fraud, 18 U.S.C. § 1343 with added defendants Michael Wayne

---

[1] Incorporating 21 U.S.C. §§ 841(a)(l), (b)(l)(C, E), (b)(2) and 21 C.F.R. § 1306.04.

Lansdell and Lansdell Family Clinic, PLLC.

### Fraud in Counts 2–5 Is Completely Unrelated
### to Count 1 and Seven Defendants

The health care fraud and PPP fraud counts have nothing at all to do with the other seven defendants charged with a drug offense and is an entirely unrelated offense. The only link is the lead defendant. That does not satisfy Rule 8(a), aside from the great potential for prejudice recognized in Rule 14.

These fraud offenses are completely disparate. They are not from the same "sequence of events"; *United States v. Abshire,* 471 F.2d 116, 118 (5th Cir. 1972); or the same transaction; *United States v. Delpit,* 94 F.3d 1134 (8th Cir. 1996); *United States v. Darden,* 70 F.3d 1507, 1526–27 (8th Cir. 1995)[2]; and facially have no common facts at all. *United States v. Darden, supra.*

Defendant submits this joinder fails every standard in Rule 8 or the cases. Therefore, severance is required.  One can easily envision the prejudice to the drug case defendants standing trial with the fraud case completely irrelevant to them, perhaps sitting there for a couple of weeks with occasional cross-examination limited to "what does this have to do with my client?"

The objective of Rule 8 is to balance the prejudice inherent in joint trials against the interests in judicial economy. *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1988); *United States v. Labrunerie*, 900 F. Supp. 1174, 1176 (W.D. Mo. 1995). Whether counts are properly joined under Rule 8 is a question of law and the propriety of joinder must appear on the face of the indictment. *United States v. Rodgers*, 732 F.2d 625, 628 (8th Cir. 1984); *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982); *United States v. Hatcher,* 680 F.3d 438, 440 (6th Cir. 1981).

---

[2] "When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14."

**Not the Same or Similar Acts**

If multiple defendants are improperly joined under Rule 8(b) because they are charged with unrelated offenses, severance is mandatory. *United States v. Hatcher, supra,* at 441; *United States v. Kaplan*, 588 F.2d 71, 74 (4th Cir. 1978); *United States v. Nettles*, 570 F.2d 547, 552 (5th Cir. 1978); *Ward v. United States*, 289 F.2d 877, 878 (D.C. Cir. 1961).

It is firmly established that the propriety of joinder in cases where there are multiple defendants must be tested by Rule 8(b) alone; Rule 8(a) has no application. *United States v. Southwest Bus Sales,* 20 F.3d 1449, 1454 (8th Cir. 1994); *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1988). This is significant because Rule 8(a) does not allow joinder on the same basis as Rule 8(b). The phrase "same or similar character" is omitted from Rule 8(b). *United States v. Jones*, *supra,* at 61 (citing *United States v. Bledsoe, supra,* at 656).

The avoiding "cumulation of prejudice" rationale[3] for applying Rule 8(b) instead of 8(a) in multiple defendant cases is stated in *United States v. Jones, supra,* at 61 (citing *Cupo v. United States*, 359 F.2d 990 (D.C. Cir. 1966)):

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) permits the second. But the Rules do not permit cumulation of prejudice charging several defendants with similar but unrelated offenses.

The government there could not tack Rule 8(a) and 8(b) together and in one indictment charge different defendants with committing unrelated offenses of "similar character." *Jones* (citing *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985)). Here, Counts 2–5 aren't even of the same character.

---

[3] *Compare* Rule 14's prevention of prejudice.

4

**No Common Activity**

For joinder of defendants under Rule 8(b) to be proper, there must be some common activity involving all of the defendants which embraces all of the charged offenses even though every defendant need not have participated in or be charged with each offense. *United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir. 1987). To be part of the "same series of acts," the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated. *Bledsoe, supra,* at 656. Rule 8(b) may not be used to embrace similar or even identical offenses, unless those offenses are related. *United States v. Nicely*, 922 F.2d 850, 853 (5th Cir. 1991). "There must be a logical relationship between the acts or transactions within the series." *Id.* (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984)). The mere fact that two conspiracies have overlapping memberships does not authorize a single indictment if the conspiracies cannot be tied together into one conspiracy, one common plan or scheme. *Id.; Jones*, *supra,* at 61 (8th Cir. 1989). The face of the superseding indictment does not satisfy this requirement.

In *Chubet v. United States*, 414 F.2d 1018, 1019 (8th Cir. 1969), Chubet was jointly charged with four other defendants in a six count indictment for illegal possession and sale of amphetamine, but Chubet was only charged in two counts.. There was no allegation in the charge linking Chubet with the other four counts since there was no allegation that the transactions were connected nor that they were common to a conspiracy. *Id.* at 1020. The Eighth Circuit reversed the defendant's conviction finding that the trial court erroneously denied the defendant's motion for a separate trial on the basis of improper joinder under Rule 8(b). "Where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief." *Chubet* at 1020 (citing *Ward v. United States*, 289 F.2d 877, 878 (D.C. Cir. 1961)). A parallel here: The only common thread in the indictment was one

defendant who was a common participant in all five counts, but that fact standing alone was insufficient for proper joinder under Rule 8(b). *Id.* at 1020.

Similarly, the Sixth Circuit reversed a conviction on the ground that severance was mandatory under Rule 8(b) because the parties were charged with unrelated offenses. *United States v. Hatcher,* 680 F.2d 438, 440–42 (6th Cir. 1981). There, two defendants were jointly indicted and tried for federal narcotics crimes with both defendants being charged with three counts related to possession and distribution of heroin. *Id.* at 440. However, defendant Hatcher was charged with two additional counts of distribution of cocaine and one additional count of possession of cocaine in the same indictment. *Id.* The other defendant, Manetas, moved for severance and sought a separate trial on the ground that the three cocaine counts related only to Hatcher. *Id.* The trial court denied the motion on the basis that the defendant did not carry his burden of showing prejudice from a joint trial under Rule 14. *Id.* The Sixth Circuit, however, reversed finding that

> [q]uestions of prejudice are properly raised under Rule 14 only if the joiner of multiple defendants is proper under Rule 8(b). If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance.

*Id.* at 440–41. There was no allegation on the face of the indictment that Manetas had any connection with the cocaine-related charged of Hatcher and, therefore, joinder of the two defendants was improper as a matter of law. *Id.* at 441.

### A Common Defendant Isn't Enough

Defendant moves for severance and a separate trial on the grounds that Count 2–5 are completely unrelated to Count 1 and Defendant and the other six defendants. Count 1 alleges a conspiracy to distribute controlled substances without a legitimate prescription; the remaining counts, however, relate to Medicaid, CARES Act, and PPP loan fraud. The only common thread in

the indictment is the person of defendant Tawnya Lansdell and her company Lansdell Family Clinic, PLLC, who are alleged to be common participants in all five counts. That fact standing alone is insufficient for proper joinder under Rule 8(b). The propriety of joinder must appear on the face of the indictment, and there is no allegation whatsoever linking Defendant with the other four counts since there is no allegation that the charges are connected or that they are common to a larger, overarching conspiracy or scheme.  Although the six other defendants did not have to participate in or be charged with each offense, the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated.  There is no common scheme in Counts 2–5 v. Count 1. There is no allegation that Defendant or the other six defendants were even aware of, much less participated in, the various other fraud offenses.

Therefore, joinder was improper under Rules 8 and 14 and Defendant's request for severance is required.

## CONCLUSION

Defendant respectfully requests that the court sever Defendant and allow a separate trial on Count 1.

Respectfully submitted,

JOHN WESLEY HALL
   Ark. Bar No. 73047
1202 Main St., Ste. 210
Little Rock, AR 72202
(501)371-9131 / Fax: (501)378-0888
E-mail:  ForHall@aol.com
   *Attorney for Defendant*