IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                                       PLAINTIFF

v.                                              Case No. 4:22-cr-40001-7

GINA M. RICHARDSON                                                                                            DEFENDANT

## ORDER

Before the Court is Defendant Gina Richardson's Motion to Sever Counts and Defendants. ECF No. 111.  The government has responded.  ECF No. 139.  The Court finds that the matter is ripe for consideration.

## I. BACKGROUND

On March 1, 2022, Gina Richardson and seven co-Defendants[1] were charged in a one-count indictment with conspiracy to illegally distribute opioids.  ECF No. 1.  On April 20, 2022, a Superseding Indictment was filed, which included the original charge (Count One) and added four additional charges and several defendants.  The new charges included the following:  conspiracy to commit health care fraud as to Defendants Tawnya Lansdell, Rusty Lynn Griffin, and Michael Wallace Martin (Count Two)[2]; conspiracy to commit wire fraud as to Tawnya Lansdell, Michael Wayne Lansdell, Lansdell Family Clinic, PLLC, and Lansdell Farms, LLC (Count Three); and two counts of wire fraud as to Michael Wayne Lansdell and Lansdell Family Clinic, PLLC (Counts Four and Five).[3]  ECF No. 79.

---

[1]The co-defendants are as follows:  Tawnya Lee Lansdell, Claire Terece Russell, Wendy Wynette Gammon, Shelly Rae Eastridge, Bonita Lois Martin, Candace Michelle Whiteley, and Stephen Haden Sullivan.
[2]Defendants Tawnya and Michael Lansdell, who are married, are officers of Lansdell Family Clinic, PLLC. Defendants Griffin and Martin are both related to the Lansdells and worked in management roles at Lansdell Family Clinic, PLLC.
[3]The superseding indictment has since been dismissed as to Stephen Haden Sullivan.  ECF No. 164.

Lansdell Family Clinic, PLLC, is a medical clinic with several locations within Arkansas. Michael Lansdell and Tawyna Lansdell, who are married, are officers of the clinic. Count One of the superseding indictment alleges that five nurse practitioners and two pharmacists conspired to illegally distribute opioid medications. Count Two alleges that the medical clinics were overbilling Medicare/Medicaid and private insurers for medical services. Counts Three, Four, and Five center around allegations that the Lansdells received a Paycheck Protection Program ("PPP") loan for payroll expenses at the Lansdell Family Clinic, PLLC, and used the loan funds for personal expenses, such as purchasing a boat and paying off a loan for several acres of land belonging to Lansdell Farms LLC.

Defendant Gina Richardson argues that Counts Two through Five are unrelated to the opioid conspiracy charge in Count One, and thus Count One is improperly joined with Counts Two through Five in the Superseding Indictment. Richardson moves the Court to sever the trial on Count One from the trial on Counts Two through Five. ECF No. 111.

## II. DISCUSSION

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). "Where an indictment joins defendants as well as offenses, the propriety of joinder of offenses is governed by Rule 8(b)." *United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012). Rule 8(b) permits defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (quoting *United States v.*

*Jones*, 880 F.2d 55, 61 (8th Cir. 1989)).  However, "[a]ll defendants need not be charged in each count."  Fed. R. Crim P. 8(b).  Rule 8 is broadly construed in favor of joinder to promote judicial efficiency.  *United States v. McCarther*, 596 F.3d 438, 441-42 (8th Cir. 2010).

Whether courts in the Eighth Circuit may look outside the indictment when considering a Rule 8(b) motion is not well-settled.  *See United States v. Grey Bear*, 863 F.2d 572 (8th Cir. 1988) (en banc).  In *Grey Bear*, which was a five-to-five decision, the judges were split as to whether the government could demonstrate the propriety of joinder by submitting pretrial evidence beyond the indictment.  *Id.*  However, since *Grey Bear*, the Eighth Circuit has stated that "[a]n indictment must reveal on its face a proper basis for joinder."  *Wadena*, 152 F.3d at 848.  "Thus, district courts within the Eighth Circuit have viewed Eighth Circuit law as precluding consideration of facts outside the indictment when ruling on a Rule 8 motion."  *United States v. Condon*, No. 3:14-CR-30083-01-02-RAL, 2014 WL 6694782 (D. S.D. Nov. 26, 2014) (collecting cases).  Consequently, the Court feels compelled under the Eighth Circuit precedent of *Wadena*, to rely only on the superseding indictment in determining whether Defendants "are alleged to have participated in the same act or transaction, or in the same series of transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b); *Wadena*, 152 F.3d at 848.

The Court turns now to the present case for a determination of whether the superseding indictment alleges that Defendants participated in acts or transactions that were pursuant to a common plan or a common scheme.  From the language of the superseding indictment, one can deduce that the charged offenses are all related to the Lansdell Family Clinic, PLLC, and roughly cover the same timeframe.  However, the similarities between Count One and Counts Two through Five appear to end there.  The government argues that the transactions in the superseding indictment are inseparably intertwined and that the overall scheme common to Defendants was to

3

"profit from the operation of Lansdell Family Clinic through committing the crimes charged in each count." ECF No. 139, at 8. The superseding incitement, however, does not contain any allegation or language indicating that all Defendants had a common plan to profit from the operation of Lansdell Family Clinic, LLC.

With the exception of Tawnya Lansdell, the superseding indictment does not indicate that the Count One Defendants were involved in the operation or management of the Lansdell Family Clinic, PLLC. The superseding indictment does not allege that these Count One Defendants, other than Lansdell, participated in or even knew of the conduct alleged in Counts Two through Five. Further, the superseding indictment does not explain how these Count One Defendants (excepting Lansdell) profited from an alleged overall scheme. In fact, other than Tawnya Lansdell, the Count One Defendants are not so much as mentioned in the other four counts in the superseding indictment. The only connection in the superseding indictment between Count One and Counts Two through Five is the common participation of Tawnya Lansdell, which is not sufficient to satisfy the joinder requirements of Rule 8(b). *See Chubet v. United States*, 414 F.2d 1018, 1020 (8th Cir. 1969) (in a multi-count indictment, having one defendant named in every count as the only common thread tying the counts together is an insufficient basis for jointly trying defendants). Accordingly, the Court finds that Count One in the superseding indictment and Counts Two through Five are improperly joined.

The Federal Rules of Criminal Procedure do not explicitly state the remedy available to the Court to cure misjoinder; however, Rule 14 is instructive. Rule 14 provides that in the event of prejudicial misjoinder, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In this case, the Court finds that a separate trial for Count One is a proper remedy. Accordingly, the Motion to Sever

Counts and Defendants (ECF No. 111) is **GRANTED**.  The trial on Count One will proceed as scheduled on February 12, 2024.  The trial on Counts Two through Five will be scheduled for trial at a later date.

    **IT IS SO ORDERED**, this 15th day of November, 2023.

                                        /s/ Susan O. Hickey  
                                        Susan O. Hickey  
                                        Chief United States District Judge